## In re B. T. WISE FURNITURE CORPORATION.

### WISE v. WOLCOTT.

(Circuit Court of Appeals, Fourth Circuit.
December 20, 1924.)

No. 2282.

Bankruptcy ⚖➝316(3)—Indorser's claim held properly disallowed.

Claimant deposited collateral with a bank as security for a note of bankrupt corporation, and also for the note of an individual, on both of which notes he was indorser. Bankrupt executed a note to him for the value of the collateral, payable in the event it was lost, the collateral was sold and the proceeds applied in payment of the individual note, and the balance credited on bankrupt's note, the remainder being unpaid and proved against the estate. *Held*, that claimant was not entitled to prove his note as a claim against the estate.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

In the Matter of B. T. Wise Furniture Corporation, bankrupt. W. P. Wise appeals from an order disallowing its claim. Affirmed.

Harry K. Wolcott, of Norfolk, Va. (Wolcott, Wolcott & Lankford, of Norfolk, Va., on the brief), for appellant.

Frank C. Miller, of Norfolk, Va., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. The appeal in this case presents the single question of whether the appellant is entitled to prove a claim against the bankrupt's estate asserted by him for $18,000. The referee in bankruptcy and the District Court decided adversely to the appellant's contention.

The facts, while somewhat unusual, are comparatively simple. On the 5th of September, 1923, the bankrupt corporation, by B. T. Wise, president, executed its demand note, payable to the order of W. P. Wise, for $18,000, negotiable and payable at the National Bank of Commerce, Norfolk, Va. On the note was the following memorandum, signed by W. P. Wise: "It is understood that this note is only payable in the event of loss of collateral amounting to the above amount or pro rata amount." The loss of the collateral is made apparent by the development of the facts in the case, which are substantially as follows:

In September, 1923, the National Bank of Commerce held the personal note of B. T. Wise, president of the bankrupt corporation, for $15,000, and also notes of the corporation for $30,000, one for $10,000, and the other for $20,000, all of which obligations were indorsed by W. P. Wise, the father of B. T. Wise. In the same month the bank gave notice that it required payment of the entire indebtedness unless additional security was furnished to secure the same. On this being explained by the son

to his father, the latter, in order to render assistance to the son and to the bankrupt corporation, deposited with the National Bank of Commerce collateral securities valued at $18,300. The bank thereupon allowed the corporate and individual notes to remain unpaid, and the bankrupt corporation executed the note upon which the claim in suit is based. Subsequently two payments on the corporate indebtedness were made, reducing the same to $17,413, with interest, for which the bank is now asserting its claim in the bankruptcy proceedings. The collateral was sold, and the proceeds applied first to the individual indebtedness of B. T. Wise, and the surplus credited on the corporate indebtedness.

The bank's right so to dispose of the collaterals is raised here, and the appellant insists that the result of what occurred is that he lost his collateral, and therefore he is entitled to prove his note for the $18,000 given him as aforesaid. In the testimony adduced before the referee, appellant denies that he indorsed the individual note of his son for $15,000 to the bank, and insists that the collateral was deposited only on account of the corporation indebtedness, and that the bank was without authority to apply the proceeds of the collateral to such individual note. The bank strenuously controverted this statement, as well regarding the indorsement of the individual obligation of his son, as that of the right to pay the proceeds of the collaterals to his individual note. The son sustained the contention of the father as to the condition on which the collateral was deposited, though, so far as the indorsement by the appellant of both the individual and partnership notes is concerned, there seems to be no question, as his counsel in argument concedes the fact, as he does apparently that the purpose of the deposit of the collateral was to render financial assistance as well to the son as to the bankrupt corporation.

This conflict of testimony was passed upon by both the referee and the District Judge, and correctly so as the testimony appears to us, and certainly there is nothing that would warrant our rejecting the findings of both the referee and of the District Court in respect thereto. Upon this statement of facts, the right of the appellant to prove an indebtedness for the notes in question, cannot be maintained. Until the corporation indebtedness to the bank for which appellant is responsible has been paid in full, it is unnecessary to discuss the question of whether or not he would be entitled to prefer a claim as a general creditor against the bankrupt's estate for the amount that the proceeds arising from the sale of his collateral was used to pay such corporate debts.

The decree of the District Court will be affirmed, with costs.

Affirmed.